**LAW OFFICES OF JAMES J. CUTRO, PC**
James J. Cutro (JC7174)
1199 Route 22 East, Suite 304
Mountainside, New Jersey 07092
(908) 408-5600
(908) 408-5620
*Attorneys for Named Plaintiff and the FLSA Collective Plaintiffs*

**UNTIED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **OLIVIA COZEWITH**, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**JUNIPER VILLAGE OF CHATHAM, LLC, JUNIPER PARTNERS, LLC,** and **ABC Corporations 1-5** (fictitious names describing presently unknown business entities).<br><br>Defendants. | INDEX NO.<br><br>Civil Action<br><br>**COMPLAINT**<br><br>FLSA COLLECTIVE ACTION<br><br>JURY DEMAND |

Plaintiff, Olivia Cozewith, who resides at 767 Carleton Road, Westfield, New Jersey, 07090, on behalf of herself and all others similarly situated, through her attorneys, Law Offices of James J. Cutro, PC, brings this action against defendants, Juniper Village of Chatham, LLC ("Juniper Village"), Juniper Partners, LLC ("Juniper Partners") and Defendants ABC Corporations 1-5 (fictitious names describing presently unknown business entities) (collectively "defendants"), alleges as follows:

1

## NATURE OF CASE

1. An action against defendants to recover unpaid overtime compensation, liquidated damages and reasonable attorneys' fees, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 et seq. (the "FLSA") and under the New Jersey State Wage and Hour Law, NJSA §§34:11-56a4, 34:11-56a20, 34:11-56a25 ("NJWHL"), to redress monetary deprivations in the plaintiff's, and collective plaintiffs, earned wages as a result of defendants' violations of the statutorily mandated overtime compensation provisions and record keeping requirements.

2. Plaintiff brings this lawsuit against defendants as a collective action on behalf of herself and all other persons similarly situated – Move-In Coordinators - who suffered damages as a result of defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Defendants engaged in a policy and practice of requiring plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week without providing overtime compensation as required by applicable federal and New Jersey state law.

4. The plaintiff has initiated this action on behalf of herself and similarly situated employees to recover the overtime compensation that plaintiff and similarly situated employees were deprived of, as well as liquidated and/or treble damages, as applicable, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court over this controversy is based upon 28 U.S.C. §1337 to enforce the provisions of the FLSA. Jurisdiction and venue are proper in the

District Court of New Jersey because the plaintiff and defendants do business in the State of New Jersey, and the all the violations of the FLSA and the NJWHL alleged below were committed by defendants against plaintiff and the FLSA Collective Plaintiffs within the State of New Jersey, Counties of Morris, Union and Essex. This Court also has pendent jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367 since those claims are related to plaintiff's federal claims that form part of the same case and controversy.

6. At all times material hereto, plaintiff performed non-exempt duties for the defendants on defendants' property located in Chatham, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the defendants were and remain an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, defendants own, operate, and/or manage assisted living facilities. Defendants purchase goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, the plaintiff and those similarly situated employees fall within the protections of the Act.

## **PARTIES**

8. Plaintiff, Olivia Cozewith, is an adult citizen of the United States, and a resident of the State of New Jersey, County of Union.

9. Plaintiff formerly worked as a Move-In-Coordinator for defendants at Juniper Village of Chatham for the period from July 22, 2021 through January 9, 2023, and has

opted-in this lawsuit.

10. Defendant, Juniper Village of Chatham, LLC ("Juniper Village"), is a for-profit corporation duly organized under the laws of the State of New Jersey, having its principal office and place of business at 500 Southern Blvd., Chatham Township, New Jersey 07928, within the jurisdiction of this court where the defendant operates.

11. Defendant, Juniper Partners, LLC ("Juniper Partners"), is a for-profit corporation duly organized under the laws of the State of New Jersey, having its principal office and place of business at 400 Broadacres Drive, Suite 445, Bloomfield NJ, 07003 within the jurisdiction of this court where the defendant operates.

12. Defendant Juniper Partners regulates the employment of all persons employed by defendant Juniper Village and other properties and acts directly and indirectly in the corporation's interest in relation to the employees, and is thus an employer of the plaintiff and similarly situated employees within the meaning of section 3(d) of the FLSA.

13. Defendants employ employees in the activities of their enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods or commerce within the meaning of section 3(s)(1)(4) of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings the First and Second Claims for Relief as a collective action under the FLSA, §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons employed

by defendants as Move-In-Coordinators on or after the date that is three years before the filing of this action ("FLSA Collective Plaintiffs").

15. At all relevant times, plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to defendants' decisions, policies, plans, practices programs, procedures, protocols, routines, and rules willfully failing and refusing to pay plaintiff and FLSA Collective Plaintiffs for all hours worked and one- and one-half times this rate for work in excess of forty hours per work week. The claims of plaintiff here are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action under FLSA, §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the defendants. Notices can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to defendants.

17. At all times set forth herein, the defendants are employers within the definition of the Fair Labor Standards Act of 1938, §3, 29 U.S.C. §203, and plaintiff, and the FLSA Collective Plaintiffs, were and/or are at all times herein set forth, employees within the definition of said section.

18. At all times set forth set forth herein, defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203.

19. At all times set forth herein, defendants were an employer within the definition

of the NJWHL, *N.J.S.A. 34:11-4.1(a); 34:11-56a1(g)* and plaintiff, was at all times herein set forth an employee within the definition under the NJWHL, *N.J.S.A. 34:11-4.1(a)*.

## STATEMENT OF FACTS

20. During plaintiff's employment, from July 22, 2021, through March 2, 2023, she worked as a Move-In-Coordinator.

21. From July 22, 2021 through January 9, 2023 Ms. Cozewith was compensated at an annual salary of $54,040.

22. From July 22, 2021 through January 9, 2023, she worked at least 50 hours per week.

23. In January 2023, plaintiff's manager, Frank Pascale, advised Ms. Cozewith that her position as a Move-In Coordinator was an hourly non-management position.

24. Pascale told her that Shannon in HR advised him Juniper made a mistake.

25. Plaintiff, and the FLSA Collective Plaintiffs, are non-exempt employees pursuant to the regulations set forth under the FLSA and NJWHL.

26. Pascale told her that going forward she would no longer be compensated on a salary basis, and moving forward she would be paid hourly and required to punch-in and punch-out, but nothing else would change.

27. Upon information and belief, Juniper advised other Move-In-Coordinators, the FLSA Collective Plaintiffs, that going forward they would no longer be compensated on a salary basis, and moving forward they would be paid hourly and required to punch-in and punch-out, but nothing else would change.

28. Plaintiff's hourly rate became $26.78 per hour, and she would need approval for overtime hours worked in excess of 40 hours in a week.

29. On March 2, 2023, defendants terminated Ms. Cozewith.

30. Defendants did not maintain records of plaintiff's hours during her employment from July 22, 2021 through January 9, 2023.

31. Defendants did not maintain records of the FLSA Collective Plaintiffs' hours during their employment while paid on a salary basis.

32. Plaintiff routinely worked over forty hours a week from July 22, 2021 through January 9, 2023.

33. Upon information and belief, the FLSA Collective Plaintiffs routinely worked over forty hours a week while paid on a salary basis.

34. Plaintiff never received overtime compensation for all hours worked over forty hours in a week.

35. Upon information and belief, the FLSA Collective Plaintiffs never received overtime compensation for all hours worked over forty hours in a week.

36. From July 22, 2021 through January 9, 2023, plaintiff worked at least 50 hours per week.

37. Plaintiff therefore worked an estimated 760 hours of unpaid overtime over the 76 weeks between July 22, 2021 through January 9, 2023.

38. As a result, the wages owed are at least $30,529 (760 hours x 40.17 overtime rate).

39. Accordingly, if Ms. Cozewith is owed wages of approximately $30,529, but also liquidated damages of 200% (est. $61,058) — for a total potential estimated liability of $92,587 — plus interest and her attorney's fees.

40. As to the FLSA Collective Plaintiffs, the wages owed for unpaid overtime

compensation will be determined at trial.

41. Defendants knew that nonpayment of overtime compensation to the plaintiff and the FLSA Collective Plaintiffs would economically injure plaintiff and the FLSA Collective Plaintiffs and violated federal and state laws.

42. The Defendants knowingly and intentionally failed to pay said wages required by the FLSA and the NJWHL.

43. At all times pertinent to this complaint, defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that plaintiff and those similarly situated employees performed services and labor for defendants for which defendants made no provision to pay plaintiff and other similarly situated employees compensation to which they were lawfully entitled for their hours worked in excess of forty(40) within a work week.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Claims by Plaintiff on Behalf of**
**Herself and the FLSA Collective Plaintiffs)**

44. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeat, reallege and incorporate by reference the allegations set forth in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. At all relevant times, defendants have employed employees, including plaintiff and the FLSA Collective Plaintiffs.

46. Throughout the statute of limitations period covered by these claims under the FLSA, defendants knowingly and repeatedly failed to pay plaintiff and the FLSA Collective Plaintiffs overtime wages for each hour worked in excess of forty hours a week in violation of the FLSA.

47. The defendants have failed to keep the required adequate records of the time worked by plaintiff and the FLSA Collective Plaintiffs in violation of the FLSA.

48. The aforesaid violations of the FLSA were willful within the meaning of 29 U.S.C. §255.

49. Under the provisions of the FLSA, there is due and owing from the defendants to plaintiff and the FLSA Collective Plaintiffs, compensation for said unpaid overtime wages in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just.

## SECOND CLAIM FOR RELIEF
### (NJWHL Overtime Claims by Plaintiff)

50. Plaintiff, repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. At all relevant times, defendants have employed plaintiff.

52. Throughout the statute of limitations period covered by these claims under the NJWHL, defendants knowingly and repeatedly failed to pay plaintiff and the FLSA Collective Plaintiffs overtime for each hour worked in excess of forty hours a week in violation of the NJWHL.

53. The defendants have failed to keep the required adequate records of the time worked by plaintiff and the FLSA Collective Plaintiffs in violation of the NJWHL.

54. The aforesaid violations of the NJWHL were willful.

55. Under the provisions of the NJWHL, there is due and owing from the defendants to plaintiff and the FLSA Collective Plaintiffs compensation for said unpaid overtime wages in an amount to be determined at trial, treble damages, plus reasonable

attorneys' fees and costs, and such other relief this court deems equitable and just.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, respectfully requests judgment against the defendants and the following relief:

 A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b);

 B. On the First Claim for Relief, a judgment for plaintiff and the FLSA Collective Plaintiffs against defendants for compensation for said unpaid over-time wages in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just;

 C. On the Second Claim for Relief, a judgment for plaintiff against defendants for compensation for said unpaid over-time wages in an amount to be determined at trial, treble damages, plus reasonable attorneys' fees and costs, and such other relief this court deems equitable and just;

 D. On all claims for relief, pre-judgment and post-judgment interest, as provided by applicable law;

 E. As such other and further legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff and FLSA Collective Plaintiffs demand a trial by jury of all issues in this action.

Dated: April 25, 2023

> Respectfully submitted,
> **LAW OFFICES OF JAMES J. CUTRO, LLP**
> *Attorneys for Named Plaintiff and the FLSA*
>   *Collective Plaintiffs*
>
> By: _____
>     James J. Cutro (JC7174)