**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-656-1600
Facsimile: 973-656-1611
www.ogletree.com

Mark Diana
(973) 630-2302
mark.diana@ogletree.com

January 25, 2024

<u>**Via Electronic Filing**</u>
The Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
Courtroom 3C
50 Walnut Street
Newark, New Jersey 07102

RE: <u>**Cozewith v. Juniper Village of Chatham, LLC, et al.**</u>
*Case No. 2:23-cv-02285-23*

Dear Judge Wettre:

    We represent defendants Juniper Village of Chatham, LLC and Juniper Partners, LLC (collectively, "Juniper Village") in the above-referenced matter (the "Civil Action") filed by Plaintiff Olivia Cozewith ("Plaintiff"). As Your Honor will recall, with the Court's assistance, the Parties reached a settlement of the Civil Action on January 9, 2024, specifically, a settlement of all claims asserted by Plaintiff under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Laws. The Parties hereby jointly request approval by the Court of the Parties' settlement of the Civil Action. The Parties believe the settlement is fair and reasonable. A copy of the Parties' Settlement Agreement and Release ("Settlement Agreement") is attached as Exhibit A. A proposed form of Order is attached as Exhibit B.

    Where, as here, the litigation arises from a private enforcement under the FLSA, the standard approval is straightforward: the district court may approve a fair and reasonable settlement if it was reached as a result of contested litigation to resolve a *bona fide* dispute under the FLSA. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). To determine the amounts allegedly due to the Plaintiff, the Parties evaluated the Plaintiff's hours of work and compensation during the period in question, arriving at an appropriate settlement amount. Each party calculated the overtime compensation that Plaintiff would have earned under a traditional time-and-a-half methodology. In addition, Juniper Village agreed to pay an amount for Plaintiff's counsel fees and expenses incurred in connection with the Civil Action. In return, Plaintiff agreed to dismiss the Civil Action with prejudice and to sign a release of all claims asserted against Juniper Village in the Civil Action. Because this settlement clearly meets the fair and reasonable standard, the parties respectfully request this Court's approval of the Settlement Agreement. Of note, although the Civil Action was styled as a collective action under the FLSA, Plaintiff has not sought

**A South Carolina Professional Corporation** ■ Steven J. Luckner ■ New Jersey Managing Shareholder

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada)
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

The Honorable Leda Dunn Wettre, U.S.M.J.
January 25, 2024
Page 2

certification of the Civil Action as a collective action under the FLSA, no putative collective members have filed Consents to Join the Civil Action, and no putative collective members are believed to exist.

In sum, the Parties, and counsel for the Parties, believe this is a fair and reasonable settlement of the Civil Action. Based upon the foregoing, the Parties jointly and respectfully request that this Court approve the settlement as a fair and reasonable resolution of a *bona fide* dispute under the FLSA.

Please let us know if you require any additional information. Thank you.

                                                 Respectfully submitted,

                                                 *s/Mark Diana*
                                                 Mark Diana

cc:    James J. Cutro, Esq.