UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLIVIA COZEWITH, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER VILLAGE OF CHATHAM, LLC, JUNIPER PARTNERS, LLC, and ABC CORPORATIONS 1-5 (fictitious names describing previously unknown business entities),<br><br>Defendants. | Civil Action No. 23-2285 (BRM) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR APPROVAL OF FLSA SETTLEMENT** |

This matter comes before the Court on plaintiff's motion for final settlement approval. (ECF No. 24, 25).[1] The parties have consented to Magistrate Judge jurisdiction for this motion and all further proceedings. (ECF No. 23). The Court makes the following findings of fact and conclusions of law in approving the settlement.

**I.   Background and Procedural History**

1. The parties' proposed settlement resolves plaintiff's wage claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56(a), *et seq*.

2. Plaintiff Olivia Cozewith commenced this action on April 25, 2023, against her former employer, defendants Juniper Village of Chatham, LLC ("Juniper Village") and Juniper Partners, LLC.[2] Plaintiff alleges that defendants failed to pay her overtime wages

---

[1] A revised settlement agreement was submitted on February 6, 2024, to replace the agreement initially filed as an exhibit to the motion for settlement approval. (ECF No. 25).
[2] Defendant Juniper Partners, LLC was dismissed from the case on August 17, 2023, as plaintiff never effected service during the allotted time period. (ECF No. 19).

for time worked as a "move-in coordinator" in excess of forty hours per week, in violation of the FLSA and the NJWHL. (Compl., ECF No. 1 ¶¶ 1-2). Defendants answered the complaint on August 8, 2023, generally denying the allegations. (ECF No. 17).

3.  The undersigned began supervising pretrial discovery and held an initial scheduling conference on September 28, 2023. (ECF No. 18). Thereafter, the parties engaged in discovery while simultaneously conducting settlement negotiations.

II.  **Settlement**

4.  On January 9, 2024, the parties participated in a settlement conference before the undersigned, during which they were able to reach a settlement in principle. (ECF No. 21). The Court then entered a text order memorializing that an agreement was reached. (*Id.*).

5.  The parties agreed to settle this case for a total amount of $23,000.00 (the "Settlement Amount") in full satisfaction of plaintiff's claims and her attorney's fees and costs. (ECF No. 25-1 at 2 ¶ 1).

6.  The parties further agreed that the settlement sum is to be distributed as follows:

    a.  A payment to plaintiff Olivia Cozewith in the sum of $14,098.67. (*Id*. at 2 ¶ 1).

    b.  A payment to The Law Office of James J. Cutro, P.C. of $8,901.33 for attorneys' fees and costs. (*Id*. at 2 ¶ 1).

III.  **Final Approval of Settlement**

7.  To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. No. 08-

1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8.  In determining whether the compromise resolves a bona fide dispute, the Court must find that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* (citations omitted).

9.  Here, plaintiff claimed that her total overtime pay owed, excluding liquidated damages, amounted to approximately $30,529. (ECF No. 1 at 7 ¶ 38). The Court determines that plaintiff's agreement to settle for the lesser amount of $23,000 constitutes a compromise of a bona fide dispute for two primary reasons. First, Juniper Village maintains that it paid plaintiff in full compliance with the applicable laws and admits no liability. Accordingly, there is no guarantee that plaintiff would prevail at trial. Second, the precise extent of plaintiff's claimed damages is unclear. This is because plaintiff was initially classified as exempt from the FLSA as a salaried employee. (*Id.* at 6 ¶ 21). As a result, Juniper Village did not keep records of hours worked by plaintiff for the relevant time period. (*Id.* at ¶¶ 26-30). Thus, the amount of damages incurred by plaintiff can only be estimated by the parties to the best of their abilities. (ECF No. 24 at 1). This necessitated each party to evaluate plaintiff's purported hours worked as well as the compensation allegedly due, which ultimately resulted in the agreed upon the settlement amount. The settlement thus serves as a reasonable compromise of these disputed claims.

10. Additionally, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

11. During the settlement conference held before the undersigned, the Court advised the parties against including certain terms in the final settlement agreement, including a non-disparagement clause and a general release clause and directed the parties to file it on or before January 26, 2024.

12. The parties filed a proposed settlement agreement on or about January 25, 2024. (ECF No. 24-1). After the Court advised the parties that the confidentiality clause contained within the original agreement was overbroad in view of the applicable law, the parties submitted a revised settlement agreement. (ECF No. 25-1). The Court now finds the confidentiality and release provisions appear to comply with applicable law, and that both shall be construed as limited by applicable law for all future purposes. (ECF No. 25-1 ¶¶ 3-4).

13. Having considered the motion for final settlement approval, and for good cause shown, the Court grants final approval of the settlement memorialized in the Settlement Agreement (ECF No. 25-1) and approves the payment to be made to the plaintiff in the amount stated in the Settlement Agreement.

**IV.   Award of Attorneys' Fees and Costs**

14. Plaintiff's Counsel seeks $8,901.33 in fees and reimbursement for costs.

15. Plaintiff's Counsel did substantial work identifying, investigating, prosecuting, and settling plaintiff's claims.

16. The fees requested represent slightly more than one-third of the total settlement amount, which has been held to be fair and reasonable in this district. *See Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees of approximately 30 percent of settlement funds were found reasonable).

17. The Court finds that the amount of fees requested is fair and reasonable and approves an award of attorneys' fees and costs in the amount of $8,901.33.

## V.      Conclusion and Dismissal

18.     The Court approves the terms and conditions of the Settlement Agreement.

19.     The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement.

20.     The entire case is dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the Settlement Agreement.

21.     The Clerk of the Court is directed to terminate the motion at ECF No. 24.

**It is so ORDERED this 16th day of February 2024**.

                                             *s/ Leda Dunn Wettre*
                                             Leda Dunn Wettre
                                             United States Magistrate Judge